

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 2, 2014

**VIA CM/ECF FILING**
The Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 1920
New York, New York 10007

      Re:   *United States* v. *$1,200,000,000 in United States Currency*
            14 Civ. 1907 (WHP)

Dear Judge Pauley:

      Pursuant to the Court's Order of April 16, 2014, the Government writes to provide the Court with a brief status update concerning the above-referenced matter.

      On March 19, 2014, this action was commenced by the filing of a Verified Complaint. This is an action *in rem* brought under the asset forfeiture laws of the United States. The Government alleges that the Defendant-*in-rem* should be forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting and derived from proceeds of wire fraud in violation of Title 18, United States Code, Sections 1343 and 2, and property traceable to such property. Toyota Motor Corporation ("Toyota") entered into a Deferred Prosecution Agreement with the United States, wherein, *inter alia*, Toyota agreed to forfeit a total of $1,200,000,000 *i.e.*, the Defendant-*in-rem*, to the United States. The Defendant-*in-rem* represents proceeds of Toyota's wire fraud offense.

      Civil forfeiture actions are governed by the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims (the "Supplemental Rules"). Supplemental Rule G sets forth the requirements for sending notice of a judicial forfeiture action to potential claimants. Rule G(4) explains the requirement of publication, and Rule G(4)(b) deals with sending direct notice to potential claimants. Rule G(4)(b) provides that the Government "must send notice of the action and a copy of the complaint to any person who reasonably calculated to reach the potential claimant." Moreover, the Rule provides that the notice may be sent either to the potential claimant or to an attorney "representing the claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Both Rule G(4)(a) and G(4)(b) provide that the notice must state the deadline for filing a claim, and the deadline for filing an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure. The notice letter also must state the name of the Government attorney to be served with those pleadings. For purposes of calculating the deadline for filing a claim, the notice is deemed to be sent "on the date when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail."

Honorable William H. Pauley III																					Page 2
May 2, 2014

   Title 18, United States Code, Section 983(a)(4) provides that a person claiming an interest in the defendant property who wishes to contest the forfeiture may file a claim "in the manner set forth in the Supplemental Rules … not later than 30 days after the date of final publication of notice of the filing of the complaint." Moreover, the statute provides that the claimant must also "file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim."

   In accordance with the Supplemental Rules, the Government began publication on March 21, 2014 and publication was completed on April 19, 2014. In accordance with Title 18, United States Code, Section 983(a)(4), in this case, any party claiming an interest in the property alleged to be forfeited have until May 20, 2014 to file a claim.

   Pursuant to Supplemental Rule G(4)(b)(i), when direct notice is required and sent, the notice must set forth "a deadline for filing a claim, at least 35 days after the notice is sent." Once the time for filing a responsive claim and answer expires, the court may enter a default judgment for the Government with respect to the interests of any person who was provided proper notice – either directly or by publication – of their right to file a claim but did not do so.

   Toyota is the only party believed to have a potential interest in the Defendant-*in-rem*. As part of the Deferred Prosecution Agreement with the United States, "Toyota specifically waived service of [the] Civil Forfeiture Complaint and agrees that a Final Order of Forfeiture may be entered." Deferred Prosecution Agreement at 2.

   Accordingly, although no parties have filed a claim to date, the time for filing a claim has not expired. Once that time period expires on May 20, 2014 and if no claims are filed, the Government intends to move for default judgment and seek the entry of a Final Order of Forfeiture.

               Respectfully,

               PREET BHARARA
               United States Attorney for the
               Southern District of New York

       By:   /s/ *Sharon Cohen Levin*
               Sharon Cohen Levin
               Chief, Money Laundering and
               Asset Forfeiture Unit
               One St. Andrew's Plaza
               New York, New York 10007
               Tel.: (212) 637-1060

cc (via CM/ECF):
  Helen Virginia Cantwell, Esq.
  James E. Johnson, Esq.
  Matthew E. Fishbein, Esq.
  (*counsel for Toyota Motor Corporation*)